# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

___TEREZ DEON RIVERS___
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-30583-01

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is charged, along with several others, with participation in multiple bank robberies from March 16, 2006 - November 14, 2007 and possession of firearms and ammunition in a crime of violence. During one of the eight alleged bank robberies (November 14, 2007 in Sterling Heights) a bank teller was shot in the leg. The shooter, Andre Jones, is an alleged associate of Defendant and is married to Sparkle Eldridge. Both Jones and Eldridge are co-defendants in a separate complaint.

CONTINUE ON PAGE TWO

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| December 17, 2007 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

07-30583-01          USA V TEREZ DEON RIVERS                              PAGE 2

Defendant states that he for the past 13 years he has been employed as a musician with Live Action Entertainment, earning $20,000 annually. He has no other sources of income. He is 31 years old, single, and has three children. He has resided with his friend Jawan Martin (a defendant similarly charged in a separate complaint) 1150 Burlingame in Detroit for the past 2 ½ years. Previously he resided in the City of Inkster for one month, was homeless for one year before moving into the Burlingame residence.

Mr. Rivers has no prior record of contacts with the criminal justice system. He admits to daily marijuana use.

At the detention hearing, testimony was given by the case agent that Terez Deon Rivers resides at 1150 Burlingame in Detroit, the registered home address of Jawan Martin, a defendant in a related and similar complaint. FBI Agent Todd Reineck testified that there has been surveillance of five of the eight alleged bank robberies, with video tape coverage of each. Agent Reineck also testified that one of the defendants, Sparkles Eldridge, wife of Andre Jones, gave a detailed statement identifying Defendant Rivers as Defendant Humes' cousin. Sparkles Eldridge stated that Rivers is one of four men who operated together in a scheme to perpetrate the bank robberies and Rivers usually played the role of a driver, driving one or more of his bank robber associates away from the sites of the bank robberies. Sparkles Eldridge also stated that Defendant Rivers, along with Jawan Martin, Andre Jones, and Frederick Humes planned all of the robberies. She was had personal knowledge of five robberies out of the eight robberies alleged.

On November 14, 2007 a search warrant was executed at the 1150 Burlingame address where Defendant Rivers lives. Inside the home were Defendant Rivers, along with his associates Martin and Humes. Clothes matching the clothes worn in the March 16, 2007 Chase Bank robbery were found, along with shell casings. Defendant Rivers was taken into custody at this time.

Considering the nature and circumstances of the charges (eight bank robberies alleged, $550,000 stolen in using firearms and dangerous weapons, one teller shot during the commission of the alleged crime) danger is certainly a factor that plays heavily in this Court's determination. With regard to the weight of the evidence, Defendant Rivers has been positively identified by his associate, Sparkles Eldridge, as having been actively involved at least as a driver during the commission of more than one of these bank robberies, and as a mastermind planner of other robberies. Defendant Rivers lived at the Burlingame address along with four of his associates, which residence was searched and incriminating evidence was seized.

07-30583-01             USA V TOREZ DEON RIVERS                               PAGE 3

Defendant Rivers is facing a mandatory minimum of 185 years on the 924(c) charges alone, excluding any time which may be ordered for conviction on any of the alleged bank robberies. Therefore he is viewed as a risk of flight. In the complaint it is alleged that Defendants, along with Defendant Rivers, participated n a long series of bank robberies, one of which resulted in the shooting of a bank teller. Rivers is tied to at least two of these bank robberies by the statement of an associate, Ms. Eldridge, and possibly by other physical evidence. Danger is a substantial factor in this Court's determination that no conditions of bond will assure either the safety of the community or the appearance in court of this defendant. **Detention is therefore Ordered.**